## MARTIN V. ORNDORFF.

1. New trial: VERDICT AGAINST EVIDENCE. The Supreme Court will not interfere with a verdict, upon the ground that it is not supported by the evidence, in any case in which there is a reasonable doubt as to the correctness of the finding; and when the verdict is clearly unsupported by the evidence, the judgment will for that reason be reversed.

*Appeal from Des Moines District Court.*

SATURDAY, APRIL 7.

THE facts are sufficiently stated in the opinion.

*Charles H. Phelps* for the appellant.

*J. C. & B. J. Hall* for the appellee.

COLE, J.—The plaintiff made a contract in writing with the defendant to sell at an agreed price, and deliver at a fixed time, to defendant, ninety-six head of steers. At the.time fixed for delivery, the defendant, having resold the steers or assigned his contract to another, in behalf of that other, requested the plaintiff to postpone the day of delivery for three or four weeks, which was agreed to. At that time, defendant paid plaintiff the major part of the price for the steers by drawing or indorsing a draft upon the repurchaser, which was paid by him.

**1. NEW TRIAL: verdict against evidence.**

On the day fixed for final delivery, the defendant sent his agent, who was also accompanied by the agent of the repurchaser, or assignee, to receive the cattle; and sent by him, or otherwise, a letter as follows:

"Mr. MARTIN — Sir: I will send E. M. Bradley to attend to the weighing of the cattle, and whatever he does in the matter will be all right. I want you to come to Burlington and I will pay you the balance coming to you.

"WM. ORNDORFF."

The steers were weighed and were satisfactory to and accepted as such by this agent, and were delivered on board the cars of the Burlington & Missouri River Railroad, for Chicago; the bills of lading were, however, made out to the plaintiff, and he went with the cattle to Burlington. Not meeting the defendant at that place, he left the cattle in charge of the repurchaser's agent, and went on to Chicago. The steers also arrived in Chicago in due time, and were there delivered to the repurchaser, who afterwards refused, though requested by plaintiff, to pay the balance due him for the steers, amounting to about seven hundred and fifty dollars.

This suit was brought to recover that balance from the

defendant, who was the original purchaser from plaintiff. The testimony is all before us, by bill of exceptions, and there is no essential conflict upon any material point in the case. The court gave the law of the case correctly to the jury. Although we see no reason for refusing the fifteenth instruction asked by plaintiff, yet the substance of that was so nearly embraced in the seventh, as that we probably would not reverse for the reason of its refusal. The jury found for defendant. This finding was so directly against the evidence and the law as given by the court, as that it should, on the motion made by plaintiff, have been set aside.

While we would not interfere in any case of reasonable doubt as to the correctness of the finding, and especially where the judge, hearing the testimony, has overruled such motion, yet in this case that doubt is wanting, and we feel compelled, under the law, to order that the judgment of the District Court be

Reversed.